**UNITED STATES of America**

v.

**James BOWMAN.**

**Crim. No. 160–68.**

United States District Court
District of Columbia.

April 23, 1968.

Earl Silbert, Asst. U. S. Atty., Washington, D. C., for the United States.

Sol Rosen, Washington, D. C., for defendant.

## MEMORANDUM

GASCH, District Judge.

Defendant moved for production of the Grand Jury transcript prior to trial; to dismiss the indictment because of allegedly illegal methods of selecting grand jury members; and for a bill of particulars disclosing the identity of an informant whose information to police provided the basis for the search warrant under the authority of which narcotics were found and seized in defendant's premises.

■ Defendant claims that he has a particularized need for Grand Jury minutes, Dennis v. United States, 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1964), because the preliminary hearing at which probable cause was determined was conducted without a court reporter. Therefore, defendant argues, he was deprived of a written record for cross-examination purposes at trial. The Grand Jury transcript, he says, should be made available to him as a substitute. If this showing were sufficient to prove a particularized need, every case in which there was handed down a Grand Jury Original would be subject to discovery of Grand Jury minutes prior to trial. No cases have been cited to the Court to support this proposition. Defendant has not alleged that he made any incriminating statements to the police. See Allen v. United States, D.C.Cir., 390 F.2d 476 (January 25, 1968). And in the absence of any other showing of particularized need for a Grand Jury transcript, defendant's motion for pretrial production of Grand Jury minutes at this time is denied. After each Government witness has testified at trial, then Grand Jury testimony will be made available to defense counsel.

Defendant has also moved to dismiss the indictment in his case because of the allegedly improper manner in which grand jurors were selected. The Court has already considered defendant's contentions in United States v. David Williams, Criminal No. 1364–67. For the reasons stated therein, defendant's motion to dismiss the indictment is denied.

■ Finally, defendant has moved to discover the name of the informant responsible for supplying the information on which the search warrant to search defendant's premises was predicated. Defendant has cited Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed. 2d 639 (1957), in support of his position. In *Roviaro*, the Supreme Court held that a defendant was entitled to an informant's name at trial where the informant had participated in the transaction with which defendant was charged for the reason that the informant's testimony was an integral part of the Government's case. The circumstances in *Roviaro* also might have given rise to a defense of entrapment and to establish such a defense, it was crucial for the defendant to know the informant's identity. In the case at bar, the informant only supplied the information for the warrant. He was not otherwise involved in the case itself. Moreover, here, there is no allegation of entrapment. In such circumstances, given the importance of protecting the flow of information, the Government may properly withhold the informant's identity from the defendant. See Rugendorf v. United States, 376 U.S. 528, 84 S.Ct. 825, 11 L.Ed.2d 887 (1964); Smith v. United States, 123 U.S.App.D.C. 202, 358 F.2d 833 (1966); McCray v. State of Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967). For these reasons, defendant's motion is denied.

Order accordingly.